IN THE UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF OHIO

| | |
|---|---|
| **ROSALIND HOLMES** <br>   Plaintiff - Plaintiff <br><br> vs <br><br> **WARREN COUNTY METROPOLITAN HOUSING AUTHORITY** <br><br>   Defendant | ) CASE NUMBER: 1:25-cv-00937 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**SUPPLEMENTAL EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF** *(Conditional Interim Housing and Subsistence Relief Pending Ruling)*

---

**PLAINTIFF'S SUPPLEMENTAL EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff Rosalind Holmes, proceeding pro se, respectfully moves the Court for **supplemental emergency relief** pursuant to **Federal Rule of Civil Procedure 65**, seeking **temporary, conditional housing and subsistence assistance** solely to prevent **ongoing irreparable harm** in the event the Court is unable to issue prompt rulings on the pending motions in this matter.

This motion is **supplemental** to Plaintiff's pending requests for immediate rulings and expedited briefing and is narrowly tailored to preserve Plaintiff's safety and the Court's ability to grant meaningful relief.

---

**I. EXTRAORDINARY AND ONGOING IRREPARABLE HARM**

1. Plaintiff has been **homeless and sleeping in a vehicle for approximately four months**.
2. Plaintiff is **unemployed, without income**, and lacks access to stable shelter, sanitation, or basic necessities.
3. On **November 12, 2025**, Plaintiff was removed from **Bernie's Place shelter** based on **false allegations** that Plaintiff recorded others. Plaintiff denies these allegations.
4. Plaintiff contacted the **Warren County Commissioners** and the **State of Ohio** seeking correction of the unlawful shelter termination. **No remedial action was taken.**
5. Plaintiff remains excluded from emergency shelter and housing resources and has been **denied public housing and reasonable accommodations** by Defendant WMHA.
6. Plaintiff's claims against WMHA allege **ongoing violations of the Fair Housing Act and Americans with Disabilities Act**, including discriminatory denial of housing assistance and reasonable accommodations.
7. The Court has been placed on notice—through filings and motions—of Plaintiff's **homelessness, lack of income, and escalating harm**.

---

**II. STATUS QUO AND NECESSITY OF INTERIM RELIEF**

8. Plaintiff's **pre-discrimination status quo** was one of stable housing and professional employment with income **substantially above the Federal Poverty Guidelines**.
9. Defendants' alleged discriminatory and retaliatory conduct destroyed that status quo, forcing Plaintiff into **long-term homelessness, unemployment, and destitution**.
10. The "status quo" that Rule 65 seeks to preserve is therefore **not Plaintiff's present condition of deprivation**, but the last uncontested condition preceding Defendants' alleged unlawful conduct.
11. Immediate restoration of Plaintiff's former income and housing is not practicable at this stage. Absent interim stabilization, continued delay will **render any eventual relief meaningless**.

## III. CONDITIONAL INTERIM HOUSING AND SUBSISTENCE RELIEF

12. Plaintiff does not seek punitive relief or a merits determination through this motion.
13. Rather, **if the Court is unable to promptly rule on the pending motions**, Plaintiff respectfully requests that the Court exercise its equitable authority to order **temporary, conditional relief** solely to prevent irreparable harm during the pendency of such delay.

### A. Conditional Interim Housing Relief

14. Plaintiff requests an order requiring Defendant WMHA to immediately provide or fund temporary, non-congregate housing accommodations, at WMHA's expense, as interim equitable relief, until Plaintiff is placed into stable housing through Court order, lawful program placement, or further order of the Court.
15. Due to Plaintiff's documented medical conditions, Plaintiff cannot safely reside in congregate shelter environments, and such placements are medically contraindicated. This relief is necessary to prevent ongoing homelessness, physical danger, and deterioration of Plaintiff's health and safety.
16. Plaintiff does not seek permanent housing, forced tenancy, or adjudication of entitlement through this motion.

### B. Conditional Interim Subsistence Assistance

17. Plaintiff further requests **temporary, conditional subsistence assistance**, payable by Defendant WMHA, to allow Plaintiff to meet basic needs and pursue employment during the pendency of continued delay.
18. Plaintiff requests that such assistance be **pegged to an objective benchmark**, such as **200% of the Federal Poverty Level for a household of two**, or such amount as the Court deems reasonable.
19. This request is **equitable, temporary, reviewable, and subject to modification**, and is sought solely to stabilize Plaintiff and preserve the Court's ability to grant meaningful relief should Plaintiff prevail.

## IV. LEGAL BASIS

20. Federal courts possess broad equitable authority under **Rule 65**, the **Fair Housing Act**, the **Americans with Disabilities Act**, and their **inherent powers** to prevent irreparable harm and preserve jurisdiction.
21. Where a plaintiff faces ongoing homelessness and alleges discriminatory denial of housing assistance, **interim stabilization relief** is appropriate when delay risks mooting the case.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Grant this **Supplemental Emergency Motion**;
B. If prompt rulings cannot be issued, order **temporary, conditional interim housing** at WMHA's expense;
C. If prompt rulings cannot be issued, order **temporary, conditional subsistence assistance** pegged to an objective benchmark;

D. Provide that all such relief be **temporary, reviewable, and terminable** upon issuance of the Court's rulings or a change in circumstances; and

E. Grant such other and further relief as the Court deems just and proper.

---

Respectfully submitted,

*Rosalind Holmes*
**Rosalind Holmes**
Homeless
513-306-8837
Holmesrrh48@gmail.com
**Date: January 7, 2025**

---