IN THE UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF OHIO

| | |
|---|---|
| ROSALIND HOLMES<br>    Plaintiff - Plaintiff<br><br>vs<br><br>WARREN COUNTY METROPOLITAN<br>HOUSING AUTHORITY<br><br>    Defendant | ) CASE NUMBER: 1:25-cv-00937<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO SEAL PERSONAL HEALTH INFORMATION AND MEDICAL EXHIBITS**

Plaintiff Rosalind Holmes, proceeding pro se, respectfully moves the Court for an order **sealing limited exhibits containing highly sensitive personal health information** filed in connection with Plaintiff's Complaint against Defendants WMHA, Landings–Hills Properties, Lakefront–PLK Communities, Latitude–PLK Communities, and Four Bridges–Towne Properties. Plaintiff respectfully requests that she is permitted to electronically file the sealed records through Pacer once the Motion is granted.

This motion is **narrowly tailored** to protect Plaintiff's medical privacy interests while preserving the public's right of access to the judicial record.

## I. RELIEF REQUESTED

Plaintiff requests that the Court **seal Exhibits A through I**, identified below, which contain **confidential medical records, psychiatric hospitalization records, diagnostic images, and photographs of medical conditions**, the public disclosure of which would cause **serious and unnecessary harm** to Plaintiff's privacy and dignity.

Plaintiff does **not** seek to seal the Complaint, legal arguments, or non-medical exhibits.

## II. LEGAL STANDARD

1

Courts recognize a strong presumption of public access to judicial records. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). However, sealing is appropriate where **compelling interests** outweigh the public's right of access and the request is **narrowly tailored.** *Id.*

The Sixth Circuit has repeatedly recognized that **medical and psychiatric records constitute a compelling interest** justifying sealing. See, e.g.:

- *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 639 (6th Cir. 2019) (medical privacy supports sealing);
- *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) (privacy interests may outweigh access);
- *Doe v. Univ. of Cincinnati*, 2019 WL 3546879, at *3 (S.D. Ohio Aug. 5, 2019) (sealing psychiatric and medical records appropriate).

Courts also recognize that **mental health records receive heightened protection**, particularly where disclosure is unnecessary to resolve legal issues. See *United States v. Thompson*, 713 F.3d 388, 395 (6th Cir. 2013).

---

## III. GOOD CAUSE EXISTS TO SEAL THE MEDICAL EXHIBITS

### A. The exhibits contain extremely sensitive personal health information

The exhibits Plaintiff seeks to seal include:

- involuntary psychiatric hospitalization records,
- emergency room records,
- diagnostic and surgical records,
- photographs documenting medical injuries and conditions,
- discharge summaries from behavioral health treatment.

Public disclosure of these materials would reveal **intimate details of Plaintiff's medical and mental health history** that are not necessary for public understanding of the legal claims.

---

### B. Disclosure would cause serious harm and serve no countervailing public interest

Unrestricted public access to these records would:

- invade Plaintiff's medical privacy;
- expose Plaintiff to stigma, reputational harm, and misuse of medical information;

- deter victims of housing discrimination from seeking judicial relief.

The public's interest is fully served by access to the **legal allegations, claims, and rulings**, without exposure to raw medical records.

### C. The request is narrowly tailored

Plaintiff seeks to seal **only** the specific medical exhibits AND request that she be permitted to electronically file the sealed records through Pacer which are listed below. Plaintiff does not seek to seal:

- the Complaint,
- legal arguments,
- non-medical exhibits,
- Court orders or opinions.

This is the least restrictive means of protecting Plaintiff's privacy.

## IV. EXHIBITS TO BE SEALED

Plaintiff respectfully requests that the Court seal the following exhibits:

**Exhibit Description**

| | |
|---|---|
| A | Medical Records RE: Christ Hospital Forced Involuntary Psychiatric Hospitalization (7/26/2019 – 8/2/2019) |
| B | Medical Records RE: Christ Hospital Emergency Room Visit for Acute Pancreatitis (12/24/2019) |
| C | Medical Records RE: Atrium–Premier Health Forced Involuntary Psychiatric Hospitalization (11/13/2020 – 11/16/2020) |
| D | Medical Records RE: UC Health Oral and Maxillofacial Surgery – Tongue Biopsy (10/18/2025) |
| E | Medical Records RE: Christ Hospital Forced Involuntary Psychiatric Hospitalization (10/22/2025 – 10/25/2025) |
| F | Medical Records and Photographs RE: Tinea Infection, Treatment, and Related Injuries |
| G | Discharge Summary RE: Christ Hospital Behavioral Health |
| H | Photographs RE: Hair Braiding Sabotage Injury |
| I | Medical Records RE: Back Conditions and Treatment |

## V. CONCLUSION

Because the exhibits at issue contain **highly sensitive personal health information,** and because sealing them is **narrowly tailored and supported by compelling privacy interests,** Plaintiff respectfully requests that the Court grant this Motion and order **Exhibits A through I sealed from public access.**

---

**PROPOSED ORDER**

Plaintiff respectfully requests that the Court enter an Order sealing Exhibits A through I and granting plaintiff the ability to file the sealed records electronically identified in this Motion.

---

Respectfully submitted,

*/s/ Rosalind Holmes*

**Rosalind Holmes**

Homeless

513-306-8837

Holmesrrh48@gmail.com

Date: January 14, 2026

---