UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSALIND HOLMES,

    Plaintiff,

v.

WARREN COUNTY METROPOLITAN
HOUSING AUTHORITY,

    Defendants.

Case No. 1:25-cv-937

Hopkins, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Rosalind Holmes filed a complaint on December 16, 2025 alleging that defendant Warren County Metropolitan Housing Authority (WMHA) denied her public housing and reasonable accommodations. This matter is before the Court on plaintiff's motion for a temporary restraining order (TRO) and preliminary injunction (Doc. 3).

**I.    Background and Facts**

Plaintiff's complaint alleges that she was prioritized for Rapid Re-Housing assistance with WMHA Bridges program which operates under Continuum of Care Rapid Re-Housing guidelines which focus on quickly moving people from homelessness to stable housing using short-to-medium term rental assistance. (Doc. 1). Plaintiff requested a reasonable accommodation to permit inclusion of her mother in the household. However, she did not seek to obtain a Family Unification Program (FUP) voucher, which is utilized to promote family reunification and long-term housing stability consistent with the goals of Continuum of Care Rapid Rehousing and HUD regulations. Id.

Plaintiff requested an accommodation to obtain a two-bedroom unit to allow a disability-related live-in caregiver (Plaintiff's mother) to live with her. Plaintiff alleges

WMHA denied her request. In light of the foregoing, Plaintiff's complaint asserts the following claims:

COUNT I- Fair Housing Act (42 U.S.C. § 3604(f))

11. Defendant failed to provide reasonable accommodations necessary for Plaintiff to access housing.

COUNT II -ADA Title II (42 U.S.C. § 12132)

12. Defendant denied Plaintiff meaningful access to public housing services by refusing to accommodate disability-related needs.

COUNT III-Rehabilitation Act (29 U.S.C. § 794)

13. Defendant receives federal funding and discriminated against Plaintiff by reason of disability.

COUNT IV-Due Process (42 U.S.C. § 1983)

14. Defendant deprived Plaintiff of housing benefits without fair procedures or lawful justification.

(Doc. Doc. 1 at 3).

Plaintiff's complaint also asks the Court to issue a Temporary Restraining Order and Order for Immediate Compliance requiring Defendant Warren County Metropolitan Housing Authority to:

1. Immediately cease any denial, delay, or obstruction of Plaintiff's Rapid Rehousing placement based on disability or requested accommodations;

2. Within three (3) to five (5) calendar days of this Order:

    a. Implement reasonable accommodations required under the FHA, ADA, and Rehabilitation Act to effectuate Plaintiffs Rapid Rehousing placement;

    b. Apply HUD Fair Market Rent standards as requested by Plaintiff;

    c. Complete all remaining administrative steps necessary to secure Plaintiffs housing placement;

3. Provide written confirmation of compliance to the Court and Plaintiff within five (5) days;

4. Prohibit retaliation or further delay related to Plaintiffs participation in HUD-funded programs or this litigation;

4. Set an expedited preliminary injunction hearing at the earliest practicable date.

(Doc. 1 at 4-5).

For the reasons outlined below, Plaintiff's request for a TRO and injunctive relief is not well-taken.

**II.    Analysis**

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for

preliminary injunction if fewer factors are dispositive of the issue*." Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc). "The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.,* 860 F.3d 844, 848-49.

A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." S. Glazer's Distribs. of Ohio, LLC, 860 F.3d at 849 (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)); see also Overstreet, 305 F.3d at 573. This same four-factor analysis applies to a motion for a TRO. *See Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). However, a TRO may issue only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1) (emphasis added).

On the record presented, Plaintiff has demonstrated none of the factors required to obtain a temporary restraining order or other preliminary injunctive relief. Notably, she has failed to demonstrate a substantial likelihood of success on the merits of her Fair Housing Act and ADA claims, as well as her due process claim against Defendant, or to connect those claims to the preliminary injunctive relief she seeks, or to show that she will suffer irreparable harm without that relief.

More importantly, Plaintiff requests an Order requiring Defendant to affirmatively correct alleged deficiencies that have not yet been proven and that are – at best – only

loosely connected to the claims at issue. "Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief." *Perry v. Warden Warren Corr. Inst.*, No. 1:20-cv-30, 2020 WL 1659875, at *2 (S.D. Ohio Mar. 30, 2020), R&R adopted, 2020 WL 4022225 (S.D. Ohio July 16, 2020) (citing Southern Milk Sales, 924 F.2d at 102); see also Martin, 924 F.2d at 102.

### III.     Conclusion

For all of these reasons, extraordinary relief is not warranted. The undersigned accordingly **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for a temporary restraining order and preliminary injunction. (Doc. 3).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ROSALIND HOLMES, | Case No. 1:25-cv-937 |
| Plaintiff, | Hopkins, J. |
| | Bowman, M.J. |
| v. | |
| WARREN COUNTY METROPOLITAN HOUSING AUTHORITY, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).