**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| ROSALIND HOLMES, | : | |
| *Plaintiff*, | : | Case No. 1:25-cv-937 |
| vs. | : | Judge Jeffery P. Hopkins |
| WARREN COUNTY METROPOLITAN HOUSING AUTHORITY, | : | |
| *Defendant*. | : | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation issued by Chief Magistrate Judge Stephanie K. Bowman on January 29, 2026. Doc. 17. The Magistrate Judge recommends that this Court deny the Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 3) filed by pro se Plaintiff Rosalind Holmes ("Plaintiff" or "Holmes"). Holmes filed objections, *see* Doc. 20, along with the following related motions: (1) Emergency Motion to Shorten or Eliminate Defendant's Response Time to Plaintiff's Objections (Doc. 21), (2) Emergency Motion for Immediate Ruling and Interim Protective Relief (Doc. 22), (3) Motion for Immediate Order Without Further Response from Defendant (Doc. 24), and (4) Emergency Supplemental Medical Evidence and Request for Expedited Ruling on Motion for Injunctive Relief (Doc. 33). For the reasons stated below, Holmes' objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**.

### I. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1)(C).

## II.    LAW AND ANALYSIS

Holmes initiated this action against the Warren County Metropolitan Housing Authority ("Defendant" or "WCMHA") "to prevent irreparable harm arising from Defendant WMHA's ongoing denial of reasonable accommodations, refusal to apply HUD Fair Market Rent standards, and categorical exclusion of Plaintiff from housing assistance programs for which she is otherwise eligible." Compl., Doc. 11, ¶ 1. As a result of these allegations, Holmes filed a Motion for a Temporary Restraining Order and Preliminary Injunction seeking "temporary, conditional housing and subsistence assistance solely to prevent ongoing irreparable harm." Doc. 3, PageID 56. Upon review, the Magistrate Judge determined that Holmes failed to demonstrate an entitlement to relief. Doc. 17.

In response to the Report and Recommendation, Holmes asserts five objections. Specifically, she alleges that the Magistrate Judge (1) misapplied the Family Unification Program, (2) failed to apply the governing law for reasonable accommodations under rapid re-housing programs, (3) disregarded undisputed evidence of irreparable harm and unnecessary delay, (4) engaged in misdirection and procedural irregularities that justify shortening or eliminating Defendant's response time, and (5) denied her access to the Court in violation of the First and Fifth Amendments. Doc. 20, PageID 187–190.

"A temporary restraining order is an extraordinary remedy that should only be granted if the movant can clearly show the need for one." *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d 853, 860 (S.D. Ohio 2008). To establish entitlement to relief, the movant

must prove its case by clear and convincing evidence. *Hartman v. Acton*, 613 F. Supp. 3d 1015, 1022 (S.D. Ohio 2020) (citations omitted). The burden of persuasion is on the party seeking injunctive relief—here, Holmes. *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

In determining whether to issue a temporary restraining order, the court considers four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emples. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (citation omitted). These same factors apply to preliminary injunctions. *ABX Air, Inc. v. Int'l Bhd. of Teamsters*, 219 F. Supp. 3d 665, 670 (S.D. Ohio 2016) ("The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo.") (cleaned up). Even if a movant's showing on the likelihood of success prong is lacking, preliminary equitable relief is permissible only if there are at least "serious questions going to the merits *and* irreparable harm which decidedly outweighs any potential harm to the defendant if [a TRO] is issued." *Frisch's Rest., Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1270 (6th Cir. 1985) (quoting *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)).

Here, the Magistrate Judge determined that Holmes has failed to demonstrate a likelihood of success on the merits of her Fair Housing Act, ADA, and due process claims against WCMHA. Doc. 17, PageID 145. The Magistrate Judge also found that Holmes has not shown how the requested preliminary injunctive relief aligns with her claims, nor shown how she will suffer irreparable harm absent relief. *Id.* The Court has reviewed de novo the

3

portions of the Report and Recommendation to which Holmes has objected and finds none of Holmes' objections well-taken. This Court agrees that Holmes has failed to show an entitlement to extraordinary relief because she has not demonstrated a likelihood of success, nor that she will suffer irreparable harm absent relief. "The burden of proving that the circumstances 'clearly demand' such an extraordinary remedy is a heavy one," *Marshall v. Ohio Univ.*, No. 2:15-cv-775, 2015 WL 1179955, at \*4 (S.D. Ohio Mar. 13, 2015) (quoting *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)), and Holmes has not met that burden here. Her objections must therefore be overruled.

### III.    CONCLUSION

For the reasons stated, Holmes' objections (Doc. 20) are **OVERRULED**, the Magistrate Judge's Report and Recommendation (Doc. 17) is **ADOPTED**, and Holmes' Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **DENIED**. Holmes' related motions (Docs. 21, 22, 24, 33) are also **DENIED**.

Separately, Holmes has filed two additional motions in this case (1) Emergency Supplemental Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 37) and (2) Emergency Motion for Order Directing the United States Marshals Service to Effect Service of Process (Doc. 38), along with a Second Amended Complaint (Doc. 36). Both motions and the Second Amended Complaint pertain to one of Holmes' other cases (No. 1:26-cv-00015). Holmes indicates that she filed these documents in this case due to "procedural limitations, including the lack of electronic access in the related case, Holmes v. Landings at Beckett Ridge, et al., Case No. 1:26-cv-00015." Doc. 35, PageID 310. Holmes is **ADVISED** that she should refrain from filing documents for 1:26-cv-00015 or any other pending case in the instant case. She must file all documents in the correct case for proper

consideration. All documents filed in this case that are intended for 1:26-cv-00015, or any of her other pending cases, will be promptly stricken. Thus, all documents pertaining to 1:26-cv-00015 that have been filed in this case are hereby **STRICKEN**. *See* Docs. 36, 37, 38.

     **IT IS SO ORDERED.**

April 8, 2026 _____

                                       Jeffery P. Hopkins
                                       United States District Judge

5