**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ROSALIND HOLMES,                                      Case No. 1:25-cv-937

      Plaintiff,                                           Hopkins, J.
                                                     Bowman, M.J.
      v.

WARREN COUNTY METROPOLITAN
HOUSING AUTHORITY,

      Defendant.

### REPORT AND RECOMMENDATION

Plaintiff Rosalind Holmes filed a complaint on December 16, 2025 alleging that defendant Warren County Metropolitan Housing Authority (WMHA) denied her public housing and reasonable accommodations.  This matter is before the Court on Plaintiff's emergency motion for temporary injunctive relief requirement immediate same Same-Day Housing Stabilization, Temporary Hotel Placement, Voucher Processing, Screening Override, and Protected Submission of Medical Documentation. (Doc. 56).

Plaintiff states that "she currently has $0 in financial resources, cannot provide basic necessities for living, and faces imminent disconnection of her phone and internet services. Plaintiff is presently homeless litigating from her vehicle while unsheltered, without income, and without access to stable housing, reliable internet, office equipment, laundry facilities, or a safe place to prepare filings. Although she has contacted local social services for housing assistance, no beds are available at local shelters."  (Doc. 56 at 1).

As a result, Plaintiff asks the Court to order WMHA to provide, fund, or facilitate immediate temporary hotel/motel placement or comparable safe emergency housing until Plaintiff's housing voucher is processed and Plaintiff can secure voucher-based housing.

For the reasons outlined below, Plaintiff's request for a TRO and injunctive relief is not well-taken.  In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1.  Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2.  Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3.  Whether an injunction will cause others to suffer substantial harm; and

4.  Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue*." Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp*., 681 F.3d 312 (6th Cir. 2012) (en banc). "The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.,* 860 F.3d 844, 848-49 (6th Circ. 2017).

A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC,* 860 F.3d at 849 (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)); see also *Overstreet*, 305 F.3d at 573. This same four-factor analysis applies to a

motion for a TRO. *See Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). However, a TRO may issue only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1).

On the record presented, Plaintiff has demonstrated none of the factors required to obtain a temporary restraining order or other preliminary injunctive relief. Notably, she has failed to demonstrate a substantial likelihood of success on the merits on her claims against Defendant. Plaintiff does not identify any specific statutory or constitutional provision that would require WMHA to provide the emergency hotel placement she seeks at this stage, and she does not address Defendant's arguments on the merits of her underlying claims. On the present record, she has not shown a substantial likelihood of success on those claims.

More importantly, the relief Plaintiff requests is not narrowly tailored to preserve the status quo of the claims pleaded in the complaint. Instead, she seeks an order requiring Defendant to affirmatively provide temporary hotel/motel placement, override its screening processes, and expedite voucher processing,  Yet, all obligations that have not yet been adjudicated to be owed to Plaintiff and that are, at best, only loosely connected to the claims at issue. Courts in this Circuit have repeatedly cautioned that such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *Perry v. Warden Warren Corr. Inst.*, No. 1:20-cv-30, 2020 WL 1659875, at *2* (S.D. Ohio Mar. 30, 2020), R&R adopted, 2020 WL 4022225 (S.D. Ohio July 16, 2020)

(citing Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)); see also *Martin*, 924 F.2d at 102.

Requiring WMHA to provide emergency hotel placement and override its screening processes before any adjudication on the merits could also impose substantial administrative and financial burdens on the agency and would not serve the public interest in the orderly administration of limited public housing resources. While Plaintiff's circumstances are serious, the record does not support the conclusion that the equitable factors, taken together, warrant the extraordinary relief she requests at this stage.

The Court is sympathetic to Plaintiff's circumstances and recognizes the severe hardship associated with homelessness. Nonetheless, the Court cannot grant the relief she seeks in this federal civil action. The Court notes that public libraries typically offer free computer and internet access and that local social service agencies, rather than the Court, are better positioned to address Plaintiff's immediate housing and resource needs.

For all of these reasons, extraordinary relief is not warranted. The undersigned accordingly **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for a temporary restraining order and preliminary injunction. (Doc. 56).

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROSALIND HOLMES,

     Plaintiff,

     v.

WARREN COUNTY METROPOLITAN
HOUSING AUTHORITY,

     Defendant.

Case No. 1:25-cv-937

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).