**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ROSALIND HOLMES, | : | |
| | : | |
| *Plaintiff,* | : | Case No. 1:25-cv-937 |
| | : | |
| vs. | : | Judge Jeffery P. Hopkins |
| | : | |
| WARREN COUNTY | : | |
| METROPOLITAN HOUSING | : | |
| AUTHORITY, | : | |
| | : | |
| *Defendant.* | : | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation issued by Chief Magistrate Judge Stephanie K. Bowman on May 28, 2026. Doc. 61. The Magistrate Judge recommends that the Court deny Plaintiff's motion for a temporary restraining order (Doc. 56), wherein Plaintiff requests immediate same-day housing stabilization, temporary hotel placement, voucher processing, and suspension of tenant screening. Plaintiff has filed objections. Doc. 63. Alongside her objections, Plaintiff requests that the Court disqualify Chief Magistrate Judge Bowman from this case and reassign this matter. *Id.*

### I.     STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1).

## II.     LAW AND ANALYSIS

Plaintiff has previously moved for temporary injunctive relief in this case without success. Docs. 3, 41. In her renewed motion, Plaintiff requests similar, albeit more-expansive relief. Doc. 56. The Magistrate Judge determined that Plaintiff is not entitled to such relief. Doc. 61. Having conducted a de novo review of the Report and Recommendation and Plaintiff's objections, the Court finds that Plaintiff's objections must be overruled. As this Court explained in a prior order addressing Plaintiff's previous motion for injunctive relief, *see* Doc. 41, PageID 376, "[a] temporary restraining order is an extraordinary remedy that should only be granted if the movant can clearly show the need for one." *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d 853, 860 (S.D. Ohio 2008). And here, like before, Plaintiff has not met her burden of persuasion in showing that she is entitled to injunctive relief. *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); Doc. 41, PageID 376–78. Plaintiff has not shown any likelihood of success. And even if she had, preliminary equitable relief is permissible only if there are at least "serious questions going to the merits *and* irreparable harm which decidedly outweighs any potential harm to the defendant if [a TRO] is issued." *Frisch's Rest., Inc. v. Shoney's Inc.*, 759 F.2d 1261, 1270 (6th Cir. 1985) (quoting *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)). Though she has thoroughly discussed the irreparable harm that she perceives as arising from her claims against Defendant, she has not demonstrated serious questions going to the merits of those claims. Thus, Plaintiff's objections must be overruled and her motion must be denied.

Further, Plaintiff has not persuaded this Court that Chief Magistrate Judge Bowman should be disqualified pursuant to 28 U.S.C. § 455(a). "[A] federal judge must disqualify [herself] from a proceeding where '[her] impartiality might reasonably be questioned' or

'[w]here [she] has a personal bias or prejudice concerning a party.'" *Burley v. Gagacki*, 834 F.3d 606, 615 (6th Cir. 2016) (quoting 28 U.S.C. § 455(a), (b)(1)). Plaintiff asserts that Chief Magistrate Judge Bowman's impartiality may be questioned because Plaintiff's arguments are "repeatedly rejected or reframed without meaningful consideration of access-to-court consequences." Doc. 63, PageID 809. Rather than presenting an objection on the merits, this assertion directly targets the Magistrate Judge's judicial rulings. When confronted with this kind of objection, the Sixth Circuit has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Burley*, 834 F.3d at 617. Beyond this, Plaintiff explains that she has attended public conferences where Chief Magistrate Judge Bowman has appeared alongside City politicians and City Solicitor-related officials. Doc. 63, PageID 809. Even if accurate, this statement alone, does not demonstrate bias or partiality on the part of Chief Magistrate Judge Bowman such that she should be disqualified in this case. *See* Canon 4 of the Code of Conduct for United States Judges: A Judge May Engage in Extrajudicial Activities That Are Consistent With the Obligations of Judicial Office. Canon 4 A(1) expressly authorizes judges to "speak, . . .  lecture, teach, and participate in other activities concerning the law, the legal system, and the administration of justice." *Id.* It follows that judges can engage in teaching and training activities, particularly in the legal field even with attorneys who may from time to time appear before them. Accordingly, Plaintiff's request that Chief Magistrate Judge Bowman be disqualified is denied.

### III.   CONCLUSION

For the reasons stated, Plaintiff's objections (Doc. 63) are **OVERRULED**, the Magistrate Judge's Report and Recommendation (Doc. 61) is **ADOPTED**, and Plaintiff's Motion for Temporary Injunctive Relief (Doc. 56) is **DENIED**.

For the reasons stated in the Report and Recommendation and this Order, Plaintiff's motions seeking duplicative relief, *see* Docs. 65, 67, 68, 69, are also **DENIED**.

**IT IS SO ORDERED.**

June 12, 2026

Jeffery P. Hopkins
United States District Judge

4