UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSALIND HOLMES,

Plaintiff,

v.

WARREN COUNTY METROPOLITIAN HOUSING AUTHORITY,

Defendant.

Case No. 1:25-cv-00937

Barrett, J.;
Bowman, M.J.

**ORDER**

Now that Plaintiff has voluntarily dismissed her appeal in the Sixth Circuit Court of Appeals, this matter is back before the Court. (See Doc. 95 and 97). Plaintiff has 13 Motions pending, which will each be addressed herein: Motion for Emergency Request for Record-Integrity Certification and Disclosure of Ex Parte, Extra-Record (Doc. 64), Motion requesting a Case Management Conference (Doc. 70), Motion for Preliminary Injunction (Doc. 73), Emergency Notice of Possible Imminent Inpatient Hospitalization (Doc. 74), Motion for Emergency Prospective Extension of time to Object to any Report and Recommendation entered during Inpatient Hospitalization (Doc. 75), Emergency Motion for Injunctive Relief (Doc. 77), Motion for Leave to File First Amended Complaint and to Join Beckett Springs LLC (Doc. 78), Motion to begin limited discovery (Doc. 84), Motion for an Immediate Order (Doc. 85), Motion for Indicative Ruling under Red. R. Civ. P. 62.1 (Doc. 90), Motion for Expedite[d] Consideration of Pending Rule 62.1 (Doc. 91), Motion for Leave to file Emergency Motion for Leave to File Rule 72(a) (Doc. 92), Renewed Motion and Narrowed Motion for Leave to Conduct Limited Phase-One Nonparty Discovery (Doc. 96).

**A. Motion for Emergency Request for Record-Integrity Certification and Disclosure of Ex Parte, Extra-Record (Doc. 64)**

In this motion seeking an emergency record-integrity certification and disclosure of inter-chambers and court emails, Plaintiff takes issue with the way she was treated when she attempted to file "multiple civil actions" on December 15, 2029. Plaintiff alleges that Clerk's Office personnel refused to accept and docket her filings because she did not include the summons and US Marshal forms. She alleges she requested to speak with a supervisor and that request was denied. Ultimately, she alleges, Plaintiff was escorted out of the Clerk's Office by the U.S. Marshal Service.

Plaintiff argues that this incident materially affected her access to the Court and that she has experienced heighted US Marshal Service screening measures when entering the Potter Stewart Courthouse, including being required to remove her belt and shoes and walk on a dirty floor. Plaintiff filed a motion that was attached to her Motion for Leave to Proceed in forma pauperis asking for her complaint to be deemed filed on December 15. (Doc. 1-5). In that motion she states that she appeared at the Clerk's office, which closes at 4:00pm, at 3:35pm. Plaintiff alleges that no meaningful corrective action was taken to resolve the filing-access problem or clarify procedures for Plaintiff's future access to the Clerk's Office and what she deems is her heightened scrutiny by Clerk's Office personnel.

Plaintiff was able to file her Motion for Leave to Proceed in forma pauperis the very next day. Plaintiff is a very experienced filer in this court, having filed thirteen lawsuits over the years. Even if the filings should have been accepted at the late hour on December 15, 2025, it was a harmless error at most. As to the heightened security

screening, all members of the public who entered the Potter Stewart Courthouse are screened by the Court Security Officers.[1] Being required to remove everything from one's pockets, belts and shoes is a standard security screening request that the public, including lawyers, must comply with. Moreover, Plaintiff now has electronic filing rights and is not required to come into the courthouse to file her pleadings in this case.

Finally, as to Plaintiff's request for "record-integrity certification" and disclosure of inter-chambers and court emails, Plaintiff alleges that she needs the record certified for purposes of her then pending appeal.. However, the Court speaks through its docket such that any appellate review is limited to the docket itself. Moreover, the Court is not a party to this litigation, and is not required to respond to Plaintiff's demand for documents.

For the reasons stated above, this motion is DENIED.

**B. Motion requesting a Case Management Conference (Doc. 70)**

Plaintiff's motion requesting a case management conference informs the Court that the parties cannot agree on a Rule 26(f) report. Though the preferred response would have been for the parties to file separate reports if they are unable to agree or one report that includes both parties' positions, the Court will enter a separate case management order so this case can proceed. The parties were notified multiple times that a Rule 26(f) report was required, yet they failed to file one. Thus, the request for a case management conference is DENIED.

[1] Court Security Officers are seated at the two entrances to the Courthouse and conduct all the screening of the public who enter the Courthouse. They are not Deputy U.S. Marshals and are not U.S. Marshal Service employees.

**C. Motion for Preliminary Injunction (Doc. 73)**

The issue of a preliminary injunction has already been decided by this Court. (See. Doc. 41). However, in this motion Plaintiff raises issues that date back over a decade and includes exhibits that relate to another case. It is difficult to decipher what is relevant to this case and the injunction requested but what is clear is that Plaintiff is seeking relief that this court has already informed her that it cannot give to her at this juncture. She is seeking an order from this Court to require "WMHA to provide, fund, facilitate, or coordinate immediate temporary non-congregate bridge housing, including motel, hotel, apartment-style, or comparable medically appropriate placement, for an initial period of at least one hundred eighty days or until further order of the Court." Additionally, she is seeking the Court to "require that the placement provide dependable private or immediately accessible restroom facilities, bathing and hygiene access, safe medication storage, refrigeration or access necessary for medically appropriate food, and a safe location for Plaintiff's legal papers and electronic devices."

For the reasons set forth in the undersigned's Report and Recommendations (Doc. 17 and 61) and this Court's Order adopting those Report and Recommendations (Doc. 41 and 71), this motion is DENIED. In addition, Plaintiff is clearly seeking affirmative action that alters the status quo. Plaintiff continues to fail to show a likelihood of success on the merits. She criticizes the Court for not finding that her homelessness is irreparable harm. The Court has previously sympathized with Plaintiff's unhoused status. However, Plaintiff seeks a remedy that is more than an injunction maintaining the status quo. She seeks an Order from this Court requiring Defendant to provide services that Plaintiff has yet to prove she is entitled to receive. Such

affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See Walker v. Honeycut*, S.D.Ohio No. 2:26-cv-648, 2026 U.S. Dist. LEXIS 130411, at *2-3 (June 11, 2026); *Gooden v. Bradshaw*, No. 1:08-CV-115, 2009 U.S. Dist. LEXIS 56877, 2009 WL 1929078, at *4 (S.D. Ohio July 2, 2009) (recognizing the status quo would not be preserved where the plaintiff sought an order requiring the defendants to affirmatively correct constitutional deficiencies that had not yet been proven).

**D. Emergency Notice of Possible Imminent Inpatient Hospitalization (Doc. 74)**

Though Plaintiff titled this pleading a notice, the Clerk of Court filed it as a motion because within the body of the pleading Plaintiff moved for an expedited ruling on her pending motions and requested that her ability to litigate this case be preserved in light of her possible imminent inpatient hospitalization. It appears from other filings that the need to preserve her rights due to a possible hospitalization is no longer of concern given that Plaintiff is no longer hospitalized and that she is once again continuing to file pleadings in this case, as well as other cases. Thus, the motion is DENIED as moot.

**E. Motion for Emergency Prospective Extension of time to Object to any Report and Recommendation entered during Inpatient Hospitalization (Doc. 75)**

This motion appears to be duplicative of the motion filed above at Doc. 74. No Reports and Recommendations were filed while Plaintiff was hospitalized. This motion is DENIED as moot.

**F. Emergency Motion for Injunctive Relief (Doc. 77)**[2]

Plaintiff has filed additional exhibits to support her claim for injunctive relief. These exhibits include the following: Cincinnati Police Report, Joint Commission Complaint, Beckett Springs Complaint, and Joint Commission Complaint Number. None of these exhibits alter the Court's reasoning. For the same reasons set forth in addressing Doc. 73 above, this motion is DENIED.

**G. Motion for Leave to File First Amended Complaint and to Join Beckett Springs LLC (Doc. 78)**

This motion requests leave to amend the complaint and to add a new party. The plain language of the motion indicates that the proposed amended complaint is attached. However, Plaintiff has not attached the proposed amended complaint as required by the rules. Thus, the motion is DENIED.. Plaintiff may choose to refile the motion with the proposed amended complaint attached so that the motion can be appropriately briefed by both parties.

**H. Motion to begin limited discovery (Doc. 84)**

Plaintiff moves to begin limited discovery and for the court to direct that the Clerk of Court issue a subpoena duces tecum to the City of Cincinnati. As indicated above, the Court will separately enter a calendar order. Once that order is docketed, discovery

---

[2] Additionally, the Court notes that Doc. 77, 78, 84, 85 are contained in a forwarded Gmail email format. This is not a proper motion format. It is unclear to the Court if Plaintiff is emailing herself or if someone else may be forwarding emails to Plaintiff's Gmail account for docketing. Plaintiff should not be filing "emails" with the Court. A better practice is to copy and paste the content from the email into a new Word document or PDF for filing.

may proceed. The request for a subpoena was also made in another motion (see Doc. 96) and will be addressed below since the later motion narrows the subpoenas. Thus, this motion is GRANTED, in part in that discovery may proceed but is DENIED, in part as to the issuance of the subpoena.

**I. Motion for an Immediate Order (Doc. 85)**

Plaintiff continues to file motions requesting the Court to rule on her pending motions, specifically her motion for injunctive relief. All this does is take up more of this Court's time and wastes precious judicial resources. This motion is DENIED and Plaintiff is warned that if she continues to file motions of this nature, her electronic filing privileges may be revoked, or other sanctions may be imposed.

**J. Motion for Indicative Ruling under Red. R. Civ. P. 62.1 (Doc. 90) and Motion for Expedite[d] Consideration of Pending Rule 62.1 (Doc. 91)**

These are, yet again, more motions seeking a ruling. Thus, they are DENIED.

**K. Motion for Leave to file Emergency Motion for Leave to File Rule 72(a) (Doc. 92)**

Plaintiff asks the court for leave to file untimely objections to the undersigned notice of July 10, 2026 informing plaintiff that her then pending motions would not be addressed until the appeal was resolved. Plaintiff asserts that she was not able to timely file objections due to her hospitalization. However, this notice, was just that, a notice. And it was filed in an attempt to inform plaintiff why her motions were not being ruled on and in an attempt to stop her practice of filing extra motions asking the court to rule on her otherwise pending motions. Objections are allowable as to Orders and Reports and

Recommendations of the Magistrate Judge, though the standard of review differs for each. However, the notice is not an Order, nor is it a Report and Recommendation, therefore, no objections are permitted. Thus, the motion is DENIED. Furthermore, the appeal was dismissed, and the motion is now moot.

**L. Renewed Motion and Narrowed Motion for Leave to Conduct Limited Phase-One Nonparty Discovery (Doc. 96)[3]**

To the extent that Plaintiff is again requesting a ruling on her "renewed motion" for discovery, such motion is DENIED as moot since the Court will enter a calendar order despite the parties' refusal to file a Rule 26(f) report. As to the request for the issuance of subpoenas, the third-party discovery is not related to the specific causes of action in this case, are not relevant and are overbroad. They, therefore, create an undue burden on the non-parties and the motion is DENIED. Plaintiff is seeking subpoenas to the following entities: Community Insurance Company d/b/a Anthem Blue Cross Blue Shield, The Christ Hospital Health Network, LexisNexis Risk Solutions, Inc., City of Cincinnati Law Department and the Ohio Supreme Court Office of Disciplinary Counsel.

As a reminder, Plaintiff's claims for relief are as follows: Fair Housing Act (42 U.S.C. § 3604(f)) as Plaintiff alleges Defendant failed to provide reasonable accommodations necessary for Plaintiff to access housing; ADA Title II (42 U.S.C. § 12132) as Plaintiff alleges Defendant denied Plaintiff meaningful access to public housing services by refusing to accommodate disability-related needs; Rehabilitation Act (29 U.S.C. § 794) as Plaintiff alleges Defendant receives federal funding and

---

[3] See also Doc. 98, a notice filed by Plaintiff further limiting the subpoena to Lexis Nexis.

discriminated against Plaintiff solely by reason of disability; and Due Process (42 U.S.C. § 1983) as Plaintiff alleges Defendant deprived Plaintiff of housing benefits without fair procedures or lawful justification. (See Doc. 11). None of the requested subpoenas relate to these claims and the Court has a duty to ensure compliance with a party's duty to avoid imposing undue burden or expense on a person subject to a subpoena. Now that Plaintiff has filed these subpoenas in connection with a motion, the Court will take a close look at the subpoenas.

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1).

As Plaintiff indicates, the documents requested go back all the way to 2006-2014 and some of the requests, specifically to Anthem Blue Cross Blue Shield and The Christ Hospital Health Network are for Plaintiff's own records - documents she can request without a subpoena. "The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Johnson v. ODRC*, S.D.Ohio No. 1:23-cv-39, 2023 U.S. Dist. LEXIS 158679, at *2-3 (Sep. 6, 2023) citing *Callidus Capital Corp. v. FCA Grp.*, No. 14-10484, 2018 U.S. Dist. LEXIS 53715, 2018 WL 1556231, at *3 (E.D. Mich. Mar. 30, 2018) (citation omitted); *see also Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). Rule 26 requires that discovery be relevant to the claims or defenses in the case. Fed. R. Civ. P. 26(b)(1). Moreover, discovery in this case has not yet begun. Plaintiff, therefore, does not know what Defendants may have to produce to her. "[C]ourts in this circuit have repeatedly denied motions to compel

discovery and quashed subpoenas directed to non-parties where the discovery sought was obtainable from a party to the litigation." *Johnson v. ODRC, S.D. Ohio No. 1:23cv39, 2023* U.S. Dist. LEXIS 158679, at *2-3 (Sep. 6, 2023) citing *Bäumer v. Schmidt*, 423 F. Supp. 3d 393, 408-09 (E.D. Mich. 2019). For the reasons set forth above, the Court finds that the subpoenas impose an undue burden on the non-parties. Additionally, as to LexisNexis, Plaintiff identified an address in Georgia, which is more than 100 miles away from this district. Thus, even if that subpoena was not an undue burden, that subpoena is not proper.

**Conclusion**

To summarize, the Motion for Emergency Request for Record-Integrity Certification and Disclosure of Ex Parte, Extra-Record (Doc. 64) is DENIED. The Motion requesting a Case Management Conference (Doc. 70) is DENIED. The Motion for Preliminary Injunction (Doc. 73) is DENIED. The Emergency Notice of Possible Imminent Inpatient Hospitalization (Doc. 74) is DENIED as MOOT. The Motion for Emergency Prospective Extension of time to Object to any Report and Recommendation entered during Inpatient Hospitalization (Doc. 75) is DENIED as MOOT. The Emergency Motion for Injunctive Relief (Doc. 77) is DENIED. The Motion for Leave to File First Amended Complaint and to Join Beckett Springs LLC (Doc. 78) is DENIED. Should Plaintiff still wish to seek leave to file an amended complaint she must do so by November 1, 2026. The Motion to begin limited discovery (Doc. 84) is GRANTED, in part in that discovery may proceed but is DENIED, in part as to the issuance of the subpoena. The Motion for an Immediate Order (Doc. 85) is DENIED and Plaintiff is warned that she may be subject to sanctions if she continues to file frivolous

motions. The Motion for Indicative Ruling under Red. R. Civ. P. 62.1 (Doc. 90) is DENIED. The Motion for Expedite[d] Consideration of Pending Rule 62.1 (Doc. 91) is DENIED. The Motion for Leave to file Emergency Motion for Leave to File Rule 72(a) (Doc. 92) is DENIED. And the Renewed Motion and Narrowed Motion for Leave to Conduct Limited Phase-One Nonparty Discovery (Doc. 96) is DENIED. A Calendar Order will follow.

IT IS SO ORDERED.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge